# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00528-CV

---

**Keith Travis, Appellant**

**v.**

**April Vanderbilt, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-25-001955, THE HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

---

## O P I N I O N

In this case, we are asked to determine whether Keith Travis may challenge the provision of an agreed protective order specifying that the order is effective for the duration of the parties' lives. Because we conclude that he cannot, we will affirm.

## BACKGROUND

April Vanderbilt and Keith Travis married in 2014. Vanderbilt filed for divorce, and in March 2025, she applied for a protective order, using the application created by the Office of Court Administration. On the application, Vanderbilt marked a box indicating that her reason for applying is that "The Respondent committed sexual assault or abuse, indecent assault, indecency with a child, compelling prostitution, stalking, or trafficking." She also attached an affidavit detailing conduct by Travis that she asserted violated existing temporary orders. Some of the allegations against Travis include him stalking Vanderbilt, following her, threatening to

cut the wood floors in her home with a chainsaw, accessing her home and vehicle to tamper with her property, disabling security cameras at her home, erasing footage from the dashcam in her truck, and cutting the line to her home internet at the utility pole.

On March 25, 2025, Travis and Vanderbilt, each represented by counsel, entered into a Mediated Settlement Agreement to resolve their pending divorce action and the application for protective order. The parties and attorneys all signed the agreement, which stated that it was not subject to revocation, that it was signed with the advice and consent of counsel, and that, pursuant to section 6.604 of the Texas Family Code, "either party is entitled to judgment on this Mediated Settlement Agreement as a matter of law." The Mediated Settlement Agreement (MSA) provided that its exhibits—A, B, and C—evidenced the parties' agreements. Exhibits A and B divided the parties' property. In addition, Exhibit B provided, "The parties shall agree to a protective order terms as attached hereto (as Exhibit C), and counsel shall convert the pro se form. Once this MSA is signed, neither party shall pursue any additional relief on either the protective order or the TRO."

Exhibit C contained a copy of an Agreed Protective Order protecting Vanderbilt from Travis. The order was based on the form created by the Office of Court Administration (OCA). Among other warnings, it specified that "**IT IS UNLAWFUL FOR ANY PERSON . . . WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.**" It also warned that:

> **POSSESSION OF A FIREARM OR AMMUNITION WHILE THIS PROTECTIVE ORDER IS IN EFFECT MAY SUBJECT THE RESPONDENT TO FEDERAL CRIMINAL PENALTIES. IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE,**

2

**OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A FIREARM FOR THE DURATION OF THIS ORDER.**

In addition to several paragraphs of warning language, the OCA form contains several sections that contain optional language for which parties may mark boxes to indicate language that applies to their particular circumstances. In this case, the parties appear to have deleted portions of the OCA form that did not apply to their situation. For example, the parties deleted all but one option from the "Findings and Orders" section, so that section reads, in its entirety:

## II. FINDINGS AND ORDERS
*(Mark all that apply)*

After considering the application, evidence, and arguments of the parties, if any, the Court:

(A) ☒ **FINDS** that the parties reached an agreement with respect to this Protective Order. The Court further **FINDS** that the agreement does not require the Applicant to do or refrain from doing an act under Section 85.022, Family Code. Therefore, the Court approves the agreement without making a finding of family violence and issues this AGREED PROTECTIVE ORDER against the Respondent. The Court **FINDS** that the Order is in the best interest of the Applicant, the family or household, or a member of the family or household. The Court **FINDS** that the Respondent ☒ agreed ☐ did not agree to waive all post-order relief, including the right to appeal this Order and to file a motion for a new hearing or trial.

And under the section entitled "Duration of Protective Order," the parties' agreed order contains only one option and one sub-option, the boxes for which are marked, while all other options were deleted:

## IX. DURATION OF PROTECTIVE ORDER
*(Mark a duration time (A, B, or C) then follow the instructions therein)*

(C) ☒ The Court issues this Order under Art. 7B.003, Code of Criminal Procedure. **THEREFORE**, this Order is effective: *(Mark the appropriate box)*
☒ For the duration of the Respondent's and the Applicant's lives.

Thus, Exhibit C represented the parties' agreement under the MSA to have the Court enter a protective order without making a finding of family violence and to have that order issued under article 7B.003 of the Texas Code of Criminal Procedure and to last for the parties' lifetimes. Six days after signing the MSA, on March 31, 2025, the parties signed a version of the Agreed Protective Order that was identical to the Order contained in Exhibit C to their MSA, except that it contained an additional "Written Admonition on Ineligibility to Possess a Firearm or Ammunition," as required by the Texas Administrative Code, that Travis would be "ineligible under Texas law to possess a firearm or ammunition" upon entry of the Agreed Protective Order. *See* 1 Tex. Admin. Code § 176.1 (2020) (Tex. Judicial Council, Admonishment by Court of Certain Persons Ineligible to Possess Firearm or Ammunition). The Agreed Protective Order was signed by the parties' attorneys. The parties also signed under a provision stating: "**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE.**" The trial court signed the order on April 2, 2025.

Vanderbilt alleges, and Travis does not dispute, that on April 16, 2025, Travis was found to be speeding in the vicinity of Vanderbilt's home and was in possession of a firearm, in violation of the terms of the protective order. On May 2, 2025, Travis filed a motion to reconsider and to modify the Agreed Protective Order, asking the trial court to change the order's duration from the parties' lifetimes to two years. Travis argued, among other things, that the order did not reflect the parties' MSA because the parties agreed that the trial court made no findings of family violence. He asserted that in the absence of such a finding, "Article 7B was not properly invoked," nor was chapter 85 of the Texas Family Code, and therefore the order's duration should have been limited to two years. *See* Tex. Fam. Code § 85.001 ("Required Findings and Orders"). In response, Vanderbilt asserted that the requested modification

4

contradicted the express terms of the MSA and would not be in her best interest as the applicant. She noted that any protective order issued, whether under the family code or code of criminal procedure, would prohibit Travis from possessing a firearm for the duration of the order. She further argued Travis waived any non-jurisdictional arguments when he consented, both in the MSA and in the order itself, to the Agreed Protective Order as to form and substance, including its provision waiving "all post-order relief, including the right to appeal." In his reply to Vanderbilt's response, Travis acknowledged that he had two pending criminal cases based upon alleged violations of the protective order at issue. He also clarified that he was not seeking to void the order; he merely sought "to correct what appears to be a mutual mistake impacting the order and a provision of the protective order regarding its duration that does not appear to meet the necessary procedural requirements." The trial court denied Travis's motion. Travis appeals.

## ANALYSIS

Travis challenges the trial court's ruling, arguing that the trial court erred in denying his motion to reconsider and modify the Agreed Protective Order because the absence of a family-violence finding rendered the duration provision voidable. Having challenged the provision while the trial court retained plenary power, he asserts the trial court should have reduced the order's duration to the statutory default of two years, and he asks this Court to do so on appeal. *See* Tex. Code Crim. Proc. art. 7B.007(a) ("A protective order issued under Article 7B.003 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order. If a period is not stated in the order, the order is effective until the second anniversary of the date the order was issued.").

5

"Under the Texas Family Code, a party to a suit for dissolution of marriage or a suit affecting the parent–child relationship is entitled to judgment on a mediated settlement agreement (MSA) if the agreement satisfies the statute's enumerated requirements." *Highsmith v. Highsmith*, 587 S.W.3d 771, 773 (Tex. 2019) (per curiam) (citing Tex. Fam. Code §§ 6.602(c) (suit for divorce), 153.0071(d) (suit affecting parent-child relationship)). These requirements are that the MSA: "(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation"; "(2) is signed by each party to the agreement"; and "(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." Tex. Fam. Code §§ 6.602(b), 153.0071(d). If the MSA meets these requirements, "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* §§ 6.602(c), 153.0071(e). Accordingly, a statutorily compliant MSA is binding on the parties and the trial court, absent exceptions not applicable here. *See id.* § 153.0071(e-1) (allowing trial court to decline to enter judgment on MSA in suit affecting parent-child relationship if court makes certain family-violence findings).

The parties do not dispute that the MSA satisfied section 6.602's requirements. But Travis focuses on the inconsistency between the Agreed Protective Order's acknowledgement that "the Court approves the agreement without making a finding of family violence" and the duration provision's statement that the order is being entered pursuant to article 7B.003 as a lifetime order. Article 7B of the code of criminal procedure provides that "[a]t the close of a hearing on an application for a protective order under this subchapter, the court shall find whether there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, indecent assault, stalking, or trafficking." Tex. Code Crim. Proc.

6

art. 7B.003(a). "If the court finds that there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking, or trafficking, the court shall issue a protective order that includes a statement of the required findings." *Id.* art. 7B.003(b). Article 7B further provides that "to the extent applicable, except as otherwise provided by this subchapter, Title 4, Family Code, applies to a protective order issued under this subchapter." *Id.* art. 7B.008. Title 4 of the family code provides that a trial court shall render a protective order if the court finds that family violence has occurred and is likely to occur in the future. Tex. Fam. Code § 85.001(a), (b). Like article 7B.003, section 85.001 also requires the trial court to make findings at the close of a hearing on an application for a protective order. *See id.* § 85.001.

The parties agree that the trial court made no findings related to article 7B.003 or section 85.001; it instead entered the order based on the parties' agreement. Vanderbilt contends that it would be "absurd" if "a respondent to a protective order application could agree to a protective order to avoid the trial court making findings, and then complain about the lack of findings on appeal." *See Hampton v. Helton*, 705 S.W.3d 343, 349 (Tex. App.—El Paso 2024, no pet.) ("Hampton cannot now argue the trial court erred in excluding findings when she agreed to and signed the order as it stands, without such findings included."); *In re S.M.*, 658 S.W.3d 876, 880 (Tex. App.—El Paso 2022, no pet.) ("Molinar cannot now argue that the protective order is void for not including findings when he agreed to the order as it stands, without findings."); *see also Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ) ("It is a well settled principle of law that a party cannot appeal from or attack a judgment to which he has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation."); *Canady v. Canady*, No. 03-24-00318-CV, 2025 WL 1759008, at *2 (Tex. App.—Austin June 26, 2025, no pet.) (mem. op.) ("When a party consents on the

7

record to a judgment, he may not appeal therefrom absent an allegation and proof of fraud, collusion, or misrepresentation.").

Assuming Travis has not waived his right to appeal, we nonetheless conclude that the trial court did not err in entering the Agreed Protective Order based on the parties' MSA. The supreme court has recognized that it is an abuse of discretion for a trial court to deny entry of a judgment based on a statutorily compliant MSA because doing so would contravene an "unambiguous statutory mandate" that "a party is 'entitled to judgment' on an MSA that meets the statutory requirements 'notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.'" *In re Lee*, 411 S.W.3d 445, 454–55 (Tex. 2013) (orig. proceeding) (quoting Tex. Fam. Code § 153.0071). The *Lee* court was construing section 153.0071 of the family code, which applies to suits affecting the parent-child relationship. Section 6.602 of the family code applies the same language entitling a party to judgment on an MSA to divorce suits. On this record, and in the face of an identical unambiguous statutory mandate, we hold that the trial court was required by section 6.602 to enter the Agreed Protective Order presented by the parties.

## CONCLUSION

Having determined that the trial court did not err in rendering the Agreed Protective Order, we affirm.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed: May 1, 2026

8